# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **ANTHONY SUGGS,** | **Case No. 5:18-CV-743** |
| **Petitioner,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| | **Magistrate Judge George J. Limbert** |
| **EDWARD SHELDON, Warden** | |
| **Respondent** | **MEMORANDUM OPINION AND ORDER** |

Currently pending are two identical Motions to Alter or Amend Judgment under Fed. R. Civ. P. 59(e), as well as a Motion to Supplement, filed by Petitioner Anthony Suggs ("Suggs"). (Doc. Nos. 23, 24, 25.) The Court DENIES the Motions to Alter or Amend and DENIES the Motion to Supplement as moot.

## I.      Background

The Court detailed the facts and procedural history of this case in its prior Memorandum Opinion and Order. (Doc. No. 21, PageID# 786-94.) Relevant to the instant Motions, on April 13, 2015, Suggs was sentenced to a total of 17 years in prison, stemming from convictions in three separate criminal cases. (*Id.* at PageID# 789.) On September 7, 2016, the Ohio Court of Appeals affirmed Suggs's convictions. (*Id.* at PageID# 790.) On January 13, 2017, Suggs, proceeding *pro se*, filed a delayed notice of appeal of the state appellate court's ruling with the Ohio Supreme Court:

> On March 15, 2017, the Ohio Supreme Court granted Suggs's motion for delayed appeal and ordered Suggs to file a memorandum in support of jurisdiction within thirty days. (*Id.*) On April 20, 2017, the Ohio Supreme Court noted that "[t]he records of this court indicate that appellant has not filed a memorandum in support of jurisdiction, due April 14, 2017, in compliance with the Rules of Practice of the Supreme Court of Ohio and therefore has failed to prosecute this cause with

    the requisite diligence." (Doc. No. 7-1, Ex. 34.) The Ohio Supreme Court thus dismissed Suggs's case. (*Id.*)

(*Id.* at PageID# 790.) Suggs filed a post-conviction petition with the trial court, which was denied. (*Id.* at PageID# 791.) Suggs also filed an application to reopen his direct appeal pursuant to Ohio App. R. 26(b), which was also denied. (*Id.* at PageID# 792.) Suggs then filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. No. 1.) On November 17, 2020, the Court denied Suggs's Petition. (Doc. No. 21.)

  Suggs filed the two pending Motions to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) on December 14, 2020 and December 23, 2020 ("Motions to Alter or Amend"). (Doc. Nos. 23, 24.) Suggs's Motions to Alter or Amend are substantively identical. (*Id.*) On December 31, 2020, Suggs filed a Motion to Supplement Document #23. (Doc. No. 25.) The Warden did not oppose any of Suggs's Motions. Suggs's Motions are ripe and ready for review.

## II.  Standard of Review

  A court may grant a motion to amend or alter judgment under Rule 59(e) if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *See Brumley v. United Parcel Service, Inc.,* 909 F.3d 834, 841 (6th Cir. 2018); *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D.

2

Ohio 1996).[1]  *See also Brumley*, 909 F.3d at 841.  Motions to alter or amend under this Rule are extraordinary and should be sparingly granted. *See Cequent Trailer Products, Inc. v. Intradin (Shanghai) Machinery Co., Ltd.*, 2007 WL 1362457 at * 2 (N.D. Ohio May 7, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995).

**III.    Analysis**

    **A.    Motion to Alter or Amend under Fed. R. Civ. P. 59(e)**

Suggs argues that the Court should alter or amend its judgment because the Court's conclusion that Suggs procedurally defaulted his claims "was clearly an error of law" and a "misapplication [of] Mr. Suggs['s] fact exhibits," which Suggs believes prove that he was prevented from accessing the prison law library and therefore establish cause and prejudice to excuse his procedural default. (Doc. No. 23, PageID# 803; Doc. No. 24, PageID# 815.) Suggs contends that the Court mistakenly ignored his April 10, 2017 Request for Extension of Time and his May 9, 2017 Motion for Reconsideration to the Ohio Supreme Court. (*Id.*) According to Suggs, if the Court had considered these two exhibits when evaluating Suggs's Objections, the Court would have been compelled to conclude that Suggs was prevented from accessing the courts because the prison law library was closed. (*Id.* at PageID# 804-05; *Id.* at PageID# 816-17.) Therefore, Suggs argues, the Court must alter or amend its judgment because Suggs's inability to access the law library excuses his procedural default. (*Id.*)

The Court finds that Suggs's arguments do not justify altering or amending the Court's opinion. Suggs contends that the Court's conclusion that Suggs could not show cause and prejudice

---

[1] *See also Gascho v. Global Fitness Holdings, LLC*, 918 F.Supp.2d 708, 715 (S.D. Ohio Jan. 16, 2013) ("A motion for reconsideration or to alter or amend is not a vehicle to reargue the case or to present evidence which should have been raised in connection with an earlier motion."); 11 Charles Alan Wright, Arthur Miller and Mary Kay Kane, Federal Practice and Procedure, § 2810.1 (2d ed. 1995) (motions to alter or amend judgment cannot be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment.").

to overcome his procedural default "was clearly an error of law." (Doc. No. 23, PageID# 803; Doc. No. 24, PageID# 815.) However, Suggs offers no legal analysis of any kind to suggest that the Court incorrectly applied the law in denying his Petition. Rather, Suggs disagrees with the Court's factual analysis of the record. This argument gives no basis for altering or amending the Court's judgment, as Suggs fails to identify a clear error in the Court's legal analysis.

Suggs's disagreements with the Court's factual analysis also offer no basis for altering or amending the Court's judgment, as he rehashes the same factual claims and arguments he made in his Traverse and Objections. A motion to alter or amend "is designed only to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Gascho*, 918 F.Supp.2d at 714. None of Suggs's exhibits can be characterized as "newly discovered evidence." Suggs appended three exhibits to his Motions: a notarized affidavit[2] in which Suggs avers that he had no time in the law library from March 25, 2017 through April 13, 2017; his April 10, 2017 Request for Extension of Time, in which he sought additional time to file his Memorandum in Support of Jurisdiction to the Ohio Supreme Court; and his May 9, 2017 Motion for Reconsideration, in which he asked the Ohio Supreme Court to reconsider its dismissal of his appeal due to his failure to timely file his memorandum. (Doc. Nos. 23-1, 23-2, 23-3, 24-2.) None of this is newly discovered evidence. Suggs's affidavit contains the same arguments and assertions that he made in his Traverse and Objections. (*See, e.g.,* Doc. No. 20, PageID# 764, "The Magistrate Judge wants the Court to believe that Suggs had 'limited access' to the law library at the Mans. C.I., but Suggs had 'no access' to the law library.") Moreover, the Court already considered Suggs's April 10, 2017 Request for Extension of Time and his May 9, 2017 Motion for Reconsideration during its evaluation of Suggs's Objections

---

[2] The Court notes that Suggs appended an affidavit only to the Motion filed on December 14, 2020, not to the Motion filed on December 23, 2020. (*See* Doc. No. 23-1.)

to the Magistrate Judge's Report & Recommendation. Suggs appended both documents as exhibits to his Traverse and to his Objections. (*See* Doc. Nos. 16-3, 16-4, 20-3.) These exhibits were already part of the record and the Court considered them alongside the rest of the exhibits in the record while evaluating whether Suggs had some or no access to the law library.

In the Court's November 17, 2020 decision, the Court explained that it agreed with the Magistrate Judge's evaluation that the record evidence demonstrated that Suggs had *some* access to the law library and could not demonstrate cause for his procedural default. (*See* Doc. No. 21, PageID# 798-99.) Suggs makes clear in his instant Motions that he disagrees with the Court's analysis of the facts surrounding his access to the law library. However, a motion to alter or amend judgment "is not a vehicle to reargue the case," as Suggs does here. *Gascho*, 918 F.Supp.2d at 714. Suggs does not assert any clear error of law in the Court's determination that Suggs cannot establish cause and prejudice to excuse his procedural default, nor does he provide the Court with any newly discovered evidence. Thus, the Court concludes that there is no basis for altering or amending its judgment denying Suggs's Petition.

**B.     Motion to Supplement**

The Court denies Suggs's Motion to Supplement Document 23 as moot. (Doc. No. 25.) According to Suggs, when he received a time-stamped copy of Document 23 in the mail, "his exhibits were not attached to his Motion to Alter or Amend Judgment citing all PageID numbers." (*Id.* at PageID# 825.) Out of an abundance of caution, Suggs filed the instant Motion to Supplement Document 23 with copies of his April 10, 2017 Request for an Extension of Time and the May 15, 2017 Motion for Reconsideration to ensure that the Court reviewed these documents in conjunction with his Motion to Alter or Amend Judgment. (Doc. No. 25-1.) The Court denies the Motion to

5

Supplement as moot because these documents are already attached as exhibits to the Motion to Alter or Amend Judgment.[3]

## IV. Conclusion

For the above reasons, Suggs's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. No. 23) is DENIED. Suggs's Motion to Supplement Document #23 (Doc. No. 25) is DENIED as moot.

**IT IS SO ORDERED.**

Date: February 24, 2021

    <u>s/Pamela A. Barker</u>
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

[3] Moreover, as discussed above, these documents are already part of the record because Suggs attached both to his Traverse and his Objections. (*See* Doc. Nos. 16-3, 16-4, 20-3.) The Court already reviewed these documents while evaluating Suggs's Objections to the Magistrate Judge's Report and Recommendation.